## 43328. BODDIE v. THE STATE.
(344 SE2d 643)

CLARKE, Presiding Justice.

Appellant came to the house in Columbus, Georgia, where his wife, the victim, was staying and, after a brief exchange of words, he pulled out a pistol demanding that his wife return his automobile. Kathy Mathis, the victim's cousin, went into the bedroom to get the victim's coat. She testified that she heard several gunshots and that she heard the victim say, "Dan, you done killed me. I know I am dead. I love you. Call the police." As Ms. Mathis reached for the

phone, the appellant came into the bedroom with the gun in his hand and pointed it at her. Eventually he turned and left the residence. The victim was found lying on the kitchen floor. Appellant fled and was not arrested until seven years later, having lived in New York for at least part of that time.

1. There was sufficient evidence so that ". . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims that a photograph of the victim's body at the scene of the crime with the medical paraphernalia used by paramedics attempting to save her was extremely prejudicial and its admission was error. However, the photograph, which showed the body with necessary medical equipment, was admitted only to show the wound of the victim. There was no mutilation or alteration of the body other than that inflicted on the victim by the appellant, and the admission of the photograph was not error. A photograph is not inadmissible simply because it depicts a gruesome crime. *Curry v. Georgia*, 255 Ga. 215 (336 SE2d 762) (1985). Appellant's contention that the fact that the body had been moved makes the photograph inadmissible adds nothing to his argument. The photograph was admitted to show the victim's wound, not the crime scene. Furthermore, since there was no objection at trial to the admission of the photograph for the purpose of showing the wounds, appellant cannot now complain of its admission. *Williams v. State*, 255 Ga. 97 (335 SE2d 553) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 24, 1986.

*H. Haywood Turner III,* for appellant.

*William J. Smith, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.